[DO NOT PUBLISH]

`

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 31, 2007
THOMAS K. KAHN
CLERK

No. 06-16047
Non-Argument Calendar

_____

D. C. Docket No. 05-00062-CR-FTM-29-DNF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALBERTO CHAVEZ SANCHEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(May 31, 2007)**

Before BIRCH, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Alberto Chavez Sanchez appeals his 120-month sentence which was imposed after he pled guilty to one count of illegal reentry into the United States of an alien previously convicted of an aggravated felony, in violation of 8 U.S.C.

§ 1326(a) and (b)(2). On appeal, Sanchez argues that his sentence is unreasonable because it exceeds the Sentencing Guidelines advisory range of 77 to 96 months' imprisonment. We review the ultimate sentence imposed by the district court for reasonableness. United States v. Bohannon, 476 F.3d 1246, 1248 (11th Cir. 2007). After careful review, we affirm.

The relevant facts are these. On July 6, 2005, Sanchez was indicted for illegal reentry into the United States of an alien previously convicted of an aggravated felony (gross sexual imposition). He pled guilty and proceeded to sentencing. According to his Presentence Investigation Report ("PSI"), in April 2004, Sanchez was arrested in Naples, Florida for aggravated assault with a deadly weapon, tampering with a victim/witness, and violation of a domestic violence "no-contact order." While awaiting trial, Sanchez admitted to being a citizen and national of Mexico who had previously been deported from the United States and had illegally reentered without permission. Immigration records confirmed that in August 1999, Sanchez had been deported to Mexico after being convicted of sexual imposition and gross sexual imposition (the sexual molestation of an 11-year-old girl), a crime defined by Ohio state law as an aggravated felony. Sanchez had not received permission from the Attorney General or the Secretary of the Department of Homeland Security to reenter the country.

2

The PSI determined that the base offense level for an individual convicted of illegally entering the United States was 8 and recommended a 16-level increase, pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii), because Sanchez previously had been deported after a conviction for a crime of violence. After determining that Sanchez was entitled to a reduction for acceptance of responsibility, the PSI recommended an adjusted offense level of 21.

As for Sanchez's criminal history, the PSI noted that Sanchez's 1999 deportation followed his convictions on charges of gross sexual imposition and sexual imposition, which stemmed from instances of sexual molestation of an 11-year-old girl and a 13-year-old girl. After being deported (and reentering illegally), between 2000 and 2004, Sanchez committed six instances of driving-related offenses, such as driving under the influence and driving without a license or with a suspended license. In March and April 2004, Sanchez committed three separate episodes of domestic violence to which he pled "no contest" and was adjudicated guilty. Finally, in April 2005, Sanchez molested his wife's juvenile daughter and later pled "no contest" and was adjudicated guilty. With a criminal history category VI (based on 20 criminal history points) and an adjusted offense level of 21, Sanchez faced an advisory Guideline range of 77 to 96 months' incarceration.

At the sentencing hearing, the district court adopted the findings of the PSI and then heard Sanchez's argument in support of a downward departure, pursuant to U.S.S.G. § 4A1.3, based on the PSI's overrepresentation of his criminal history. Specifically, Sanchez argued the PSI's calculations overstated his criminal history because half of the criminal-history points stemmed from traffic offenses, such as driving with a suspended license, while almost all the other points resulted from incidents involving his former wife which occurred within a short span of time of each other. The district judge was unpersuaded, observing that Sanchez's criminal record "justly deserves" a criminal history category VI because it contained offenses "continuing, almost unabated" since 1999 and "a series of violent offenses against his wife." The court then heard the parties' arguments on the ultimate sentence to impose.

In support of mitigation, Sanchez reiterated the argument he unsuccessfully asserted in support of a § 4A1.3 downward departure. He urged that there had been no corroboration of the allegations underlying the incidents involving his former wife. He highlighted his "no contest" pleas, maintaining that he was innocent of the crimes to which he had pled. The district court also heard Sanchez's statement of remorse. The government responded that a sentence at the

4

high end of the Guidelines range was warranted, in light of Sanchez's criminal history, noting that the record contained no evidence of any mitigating factors.

Before imposing sentence, the district court noted that the Guidelines range was advisory and that the court had the discretion to impose a sentence either within, or above or below, the range, after consideration of the 18 U.S.C. § 3553(a) factors so long as the sentence was "sufficient, but not greater than necessary to satisfy the purposes of sentencing." The court then stated:

> It doesn't take a great mind to figure out that this defendant's problem is his criminal history and what it says about him. In a relatively short period of time, from 1999 to 2005, it's amazing the record that he's accumulated, particularly when you keep in mind that he wasn't supposed to be here in the first place.

> The [PSI] indicates that he's violent, that he doesn't follow the instructions of the Court either with regard to the deportation order or the domestic violence injunction. I think it's fair to say that his conduct is that of a sexual predator. Starts in 1999, with a rape charge that is pled down to grotesque sexual imposition, as they call it in Ohio. The victim -- one victim there was 11. I think the other was 13, as I recall. The facts alleged there are similar to the 2005 case that he pled no contest to here, in Fort Myers, on his wife's minor daughter.

> He's been placed on probation and violated probation. He's given false names to law enforcement officers. There's simply nothing good, under all the factors set forth in this statute, that I can find from his pre-sentence report.

The district court then imposed a 120-month term of imprisonment. Sanchez objected to the reasonableness of the sentence, arguing that the sentence imposed

5

exceeded the advisory Guidelines range, and that the court had not given him notice that it was considering a sentence above the Guidelines range. The district court noted that Sanchez's objections were preserved for appeal, but that after the Supreme Court's ruling in United States v. Booker, 543 U.S. 220 (2005), a defendant is always on notice that a sentence above the Guideline range may be imposed.

The district court issued a final written judgment imposing a sentence of 120 months' incarceration, as well as a written statement of reasons for imposing a sentence in excess of the advisory Guideline range. In the written statement, the court noted that it had considered "the nature and circumstances of the offense and the history and characteristics of the defendant," and the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," "to afford adequate deterrence to criminal conduct," and "to protect the public from further crimes of the defendant." This appeal followed.

Sanchez argues that the sentence imposed was unreasonable because it exceeded the upper end of the advisory Guidelines range by two years. He suggests that the district court was required to find extraordinary circumstances,

which he contends do not exist here, in order to depart from the advisory range to such an extent. On this record, we disagree.

Congress has directed that a sentencing court "shall impose a sentence sufficient, but not greater than necessary." 18 U.S.C. § 3553(a). In our reasonableness review, we examine "only the <u>final</u> sentence for reasonableness, in light of the § 3553(a) factors," rather than "each individual decision made during the sentencing process." <u>Bohannon</u>, 476 F.3d at 1248. The review "is highly deferential" and the burden rests with the party challenging the sentence to prove that the sentence is unreasonable. <u>Id.</u> at 1248, 1253. "We recognize that there is a range of reasonable sentences from which the district court may choose," and will affirm as long as the sentence imposed by the district court achieves the purposes of sentencing as stated in § 3553(a). <u>United States v. Talley</u>, 431 F.3d 784, 788 (11th Cir. 2005).

The sentencing factors that the court must consider include the circumstances of the offense and the history and characteristics of the defendant, the need for the sentence to promote respect for the law, just punishment for the offense, deterrence to criminal conduct, and to protect the public from further crimes of the defendant, the kinds of sentences available, and the advisory Sentencing Guidelines range. <u>See</u> 18 U.S.C. § 3553(a)(1), (a)(2)(A-C), (a)(3),

7

(a)(4). We have held that "nothing . . . requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." Talley, 431 F.3d at 786 (internal quotation omitted). Rather, the district need only acknowledge that it has considered the defendant's mitigating arguments in light of the sentencing factors. Id.

Here, in selecting Sanchez's sentence, the district court considered his criminal history and determined that it needed to impose a sentence that would promote respect for the law, deter future criminal conduct, and protect the public from further crimes that Sanchez could commit. The court also noted Sanchez's repeated violations of court orders, including the deportation order and the domestic violence injunction. Moreover, the court considered the advisory Guidelines range that it had adopted from the PSI and the sentences available, including the government's recommendation for a sentence at the upper end of the Guideline range. After evaluating all of these circumstances, and making both oral and written findings on many of the § 3553 factors, the district court concluded that a sentence in excess of the Guideline range was necessary to achieve the purposes of sentencing. Finally, we observe that the ultimate sentence imposed is exactly half of the statutory maximum of twenty years that may be assigned to an individual convicted of illegal reentry following removal subsequent to a

conviction for an aggravated felony. <u>See</u> 8 U.S.C. § 1326(b)(2). On this record, Sanchez has not met his burden to establish that his sentence is unreasonable.

**AFFIRMED.**